UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| 1. EDWINA HILL </br>     Plaintiff </br> V </br> 2. DENIS R. McDonough, Secretary, </br> Department of Veterans affairs(VA) </br> Agency </br>     Defendant | ) CIVIL ACTION NO. </br> ) </br> ) DATE 9/13/2022 </br> ) </br> ) </br> ) </br> ) |

*United States Courts*
*Southern District of Texas*
*FILED*
*SEP 13 2022*
*Nathan Ochsner, Clerk of Court*

## PLAINTIFF'S ORIGINALS COMPLAINT

TO HONABLE JUDGE OF SAID COURT:

Edwina HILL (Plaintiff)complaints of DENIS R. MCDONOUGH (defendant) and for its cause of actions would respectfully show the court as follows:

### JURISDICTION

3. The Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The Plaintiff complaint is for Hostile Work Environment , Retaliation which affected her disability, which altered her conditions of employment. The Plaintiff work in fear of being harmed in a Government Facility. Plaintiff is seeking two-hundred and fifty thousand dollars or less excluding interest, damages, penalties, attorney's fees, cost, award of front pay to compensate for weekend pay, compensation for all lost wages. Damages sought are within the authority of the court.

### VENUE

4. Venue is proper in this district under 42U.S.C. §e-5(f)(3) because the alleged unlawful employment practice was committed in this state.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against defendant within 90 days of the receipt of her Notice of right to sue.

## DISCRIMINATION UNDER TITLE VII

6. Plaintiff is an employee within the meaning of Title VII and belongs to class protected under statute, 42 U.S.C.§ 2000e(f). Plaintiff is employed VA Medical Center in Houston Texas . Plaintiff is a Cat Scan technologist employed with VA for 20 years. Part of protected class.

7. Defendant is an employer within the meaning of Title VII, and belongs to a class protected under the statute, 42 U.S.C. § 2000e(a),(b). Part of protected class

8. Charles Mitchell and Charles Jones is plaintiff's supervisors and is employed by defendant as Cat Scan Supervisors.

9. Defendant empowers Charles Jones and Charles Mitchell plaintiff's supervisors to take tangible actions against plaintiff. They have the authority to reassign plaintiffs tour that will significantly reduce her pay.

10. Rebecca Bowles , plaintiff's coworker is employed by defendant as Cat scan technologist.

11. Charles Mitchell, Plaintiff supervisor, take tangible employment actions against plaintiff. Charles Mitchell was empowered by defendant, stated he changes both employee tour , but he only changed Plaintiff tour of duty. Plaintiff tour was change from Friday 7:00am -3:30pm Saturday and Sunday 4:00pm -8:00am to Thursday and Friday 7:00am -3:30pm Saturday and Sunday 6:00pm -6:00am. Charles Mitchell and Charles Jones took a tangible action against the plaintiff that significantly changed plaintiffs' employment status, plaintiff's benefits and reduction in pay. Plaintiff is a title 38 employee and did not approve a shift change.

12. Defendant is directly liable because Charles Jones and Charles Mitchell has neglected to create a safe non-hostile work environment for Plaintiff . Plaintiff had to be escort around VA since 2017, in cat Scan area, when Rebecca Bowles is on duty. Plaintiff lost wages total 54.000.00 to avoid Rebecca Bowles aggressive behavior.

13. Charles Mitchell, Plaintiff supervisor, take tangible employment actions against plaintiff. Defendant empowered Charles Mitchell to change Plaintiff tour to Monday to Friday 7:00-3:30pm on 10/09/2019. which result to another reduction in pay.

14. Defendant is strictly liable for Rebecca Bowles discriminatory conduct because Charles Mitchell changed tangible employment action against plaintiff that significantly changed plaintiff's employment status. Plaintiff's benefits were significantly reduced.

15. Defendant is strictly liable for Charles Mitchell and Charles Jones discriminatory conduct. No fact find was performed after Rebecca Bowles hid behind a wall to attack Plaintiff. Rebecca Bowles also waited outside the emergency room to attack plaintiff. I told management to watch the video they said she just stood there and waited for her ride that is not true. I am afraid of Rebecca Bowles. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance/ created an intimidating, hostile and offensive work environment.

16. Charles Mitchell and Charles Jones created a hostile work environment through his discriminatory words. Charles Michell stated on several occasions, he wanted to dangle me in front of Rebecca Bowles to see who would win the fight. This is very intimidating, hostile, and offensive work environment. I am already afraid of Rebecca Bowles. I leave out the room and go to the bathroom and cry. This is very humiliating because I start crying before I get to the bathroom. I feel so terrified and scared. After I stop crying, I would report to Charles Jones Mr. Jones and he laughs, He said If you do not have a witness, he did not say it. I am so afraid of coming to work. That is why I took my phone out to record him. This conduct was so severe that it alters the terms and conditions on plaintiff's employment and interfered with plaintiff's work performance /created an intimidating, hostile and offensive work environment.

17. Charles Mitchell created a hostile work environment through his discriminatory words and actions towards Plaintiff because Plaintiff prior EEO cases. This conduct is so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance /created an intimidating hostile, and offensive work environment. Charles Mitchell stated, Plaintiff was creating a Hostile work environment for recording him. Memorandum was given to Plaintiff for recording Charles Mitchell stating he was going to dangle Plaintiff in front of Rebecca Bowles to see who would win the fight. I am terrified that Mr. Mitchell will set me up to allow Rebecca Bowles to hurt me. I cannot sleep, I cannot eat. It affects me every minute I am at work. I am afraid of Charles Mitchell and Rebecca Bowles.

18. Defendant is directly liable for Charles Mitchell and Charles Jones discriminatory conduct because Charles Mitchell and Charles Jones took tangible employment action against plaintiff that significantly changed plaintiff's employment status. Charles Jones and Charles Mitchell denied workers compensation approval. Plaintiff was denied compensation for workers compensation appointments during work hours. Charles Mitchell stated, he was not going to pay me to leave for therapy. He disapproved most physical therapy for 2019. This created a hostile work environment. these actions were severe and affected my health and work performance, because if I came to work, I would not get a paycheck. Charles Mitchell never submitted my time, it takes 3-4 weeks for Plaintiff to get paid or not at all. Charles Jones also denied workers compensation for therapy, he stated it was best to stay at home.

19. Defendant was directly liable for Charles Mitchell and Charles Jones discriminatory actions Charles Mitchell took tangible employment action against plaintiff that significantly changed plaintiff's employment status. Plaintiff required a special radiation apron to performed job in Interventional Radiology. Charles Mitchell schedule Plaintiff in interventional without special apron for three months. These actions by Charles Mitchell cause more damage to her back and knee. These actions contribute to plaintiff getting knee surgery and back injection. This adversely affected my job performance and attendance, and health. There were other stations he could have stationed Plaintiff that did not require a Radiation Apron. Charles Mitchell called me to his office and showed me my apron had arrived. Three weeks later, my last day in interventional Radiology Charles Mitchell gave me my apron 10 minutes before it was time for me to leave work. This affects me mentally, physically, and emotionally that my supervisor wants to see me injured. This affects my job performance because Charles Mitchell is intentionally trying to inflict harm.

## DAMAGES

20. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages :

    a. Plaintiff tour changed from weekend shift resulting in reduction in pay and benefits.

    b. Plaintiff tour was changed again resulted in reduction in pay and benefits.

    c. Plaintiff lost wages on same tour as aggressive co-worker.

    d. Plaintiff suffered mental anguish and emotional distress due to anxiety of being threaten and attacked on the job by supervisor and co-worker

Edwina Hill
10015 Astoria Blvd
Houston Texas 77089
832-450-0633



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Edwina Hill, a/k/a,
Annie F.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 2022002446

Appeal No. 2022000391

Agency No. 2003-05802-020100438

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2022000391 (March 2, 2022). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

During the relevant time, Complainant worked for the Agency as a CAT Scan/Interventional Technologist in Houston, Texas.

On December 2, 2019, Complainant filed a formal complaint, claiming discrimination based on disability and in reprisal for prior protected activity.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Edwina Hill, a/k/a,
Annie F.,[1]
Complainant,

v.

Denis R. McDonough,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 2022002446

Appeal No. 2022000391

Agency No. 2003-05802-020100438

### DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2022000391 (March 2, 2022). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

During the relevant time, Complainant worked for the Agency as a CAT Scan/Interventional Technologist in Houston, Texas.

On December 2, 2019, Complainant filed a formal complaint, claiming discrimination based on disability and in reprisal for prior protected activity.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2          2022002446

Complainant claimed that the Agency changed her work schedule, denied her request for a reasonable accommodation, and charged her with 8 hours Absent Without Leave.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ issued a summary judgment decision, concluding no discrimination or unlawful retaliation was established. Thereafter, the Agency issued a final order implementing the AJ's decision.

In EEOC Appeal No. 2022000391, the Commission affirmed the Agency's final order, implementing the AJ's summary judgment decision finding no discrimination or retaliation.

In the instant request, Complainant has submitted nothing which would support a determination that the prior appellate decision was in error. A request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2022000391 remains the Commission's decision. **There is no further right of administrative appeal on the decision of the Commission on this request.**

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.**

3                                                                                   2022002446

The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_Carlton M. Hadden_
Carlton M. Hadden, Director
Office of Federal Operations

June 15, 2022
Date