United States District Court
Southern District of Texas
**ENTERED**
April 14, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWINA HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | 4:22-cv-3131 |
| | § | |
| DENIS R. MCDONOUGH, | § | |
| SECRETARY, DEPARTMENT OF | § | |
| VETERANS AFFAIRS (VA) | § | |
| AGENCY, | § | |
| | § | |
| Defendant. | | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Before the Court are Defendant's Partial Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6) (ECF 18); Plaintiff's Motion for Extension of Time to Respond to Defendant's Partial Motion to Dismiss (ECF 27); and Defendant's Motion to Strike Untimely Responses (ECF 29).[1]  Having considered the Parties' submissions and the applicable law, it is RECOMMENDED that Defendant's Partial Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) (ECF 18) be DENIED; and that Defendant's Partial Motion to Dismiss for failure to state a claim under Rule 12(b)(6) be DENIED without prejudice to refiling as a motion for summary judgment. It is also RECOMMENDED that Plaintiff's Motion for Extension of Time to Respond to Defendant's Partial Motion to Dismiss (ECF 27) and Defendant's Motion to Strike

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

Untimely Responses (ECF 29) be TERMINATED AS MOOT.  Plaintiff's Motion to Amend Complaint (ECF 20), along with all subsequent Motions to Amend Complaint (ECF 22; ECF 24; ECF 28) shall be addressed in a separate Order.

### I.    Background

This case involves Plaintiff's allegations against her supervisors and co-workers while working as a Cat Scan Technologist with the Department of Veterans Affairs.  ECF 1 at ¶ 6.  Specifically, Plaintiff alleges that her coworker Rebecca Bowles engaged in "discriminatory conduct" against her and "attack[ed]" her on multiple occasions.  *Id.* at ¶¶ 14-15.  She alleges that her supervisor, Charles Mitchell, impermissibly changed her "tour of duty" in response to these altercations (*id.* at ¶¶ 11, 13-14), and that another supervisor, Charles Jones, failed to take remedial action when Plaintiff reported the incidents.  *Id.* at ¶ 16.  Plaintiff also alleges that her supervisors wrongfully denied her workers' compensation for physical therapy.  *Id.* at ¶ 18.

On December 2, 2019, Plaintiff filed a formal complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), "claiming discrimination based on disability and in reprisal for prior protected activity."  *Id.* at 7.  The complaint bears Agency No. 2003-05802-020100438 (the "0438 Claim").  The Administrative Judge issued a summary judgment decision, concluding that "no discrimination or unlawful retaliation was established," a judgment that was affirmed on administrative appeal.  *Id.* at 8.  Plaintiff timely requested reconsideration of the appeal on March 2, 2022, and the reconsideration request was denied in a Letter dated June 15, 2022.  *Id.* at 8-9.

Plaintiff, proceeding *pro se*, filed a Complaint in the United States District Court

for the Southern District of Texas on September 13, 2022.  The EEOC's Letter Decision

on Request for Reconsideration, including a Notice of Right to File a Civil Action, is

appended to the Complaint (ECF 1 at 7-9), and indicates that Plaintiff claims discrimination

based on disability.  *Id.* at 7.  Plaintiff's Complaint also purports to assert claims for

"Discrimination Under Title VII."  *Id.* at 2.   Defendant Denis McDonough, Secretary of

the U.S. Department of Veterans Affairs ("Defendant") filed a Partial Motion to Dismiss

(ECF 18), moving to dismiss certain claims.  *Id.* at 4-5.

In support of its Motion, Defendant appends a Declaration by attorney Kourtney

Collins (ECF 18-1).  In the Declaration, Collins describes three separate administrative

matters related to Plaintiff's factual claims:

> (1)  EEO complaint under Agency No. 2003-0580-2019102899 relates to (i)
> changes to Plaintiff's tour of duty from her previous schedule of Friday 7:00
> am - 3:30 pm and Saturday and Sunday 4:00 pm - 8:00 am to a revised
> schedule of Thursday and Friday 7:00 am - 3:30 pm Saturday and Sunday
> 6:00 pm - 6:00 am and to (ii) supervisory actions or omissions related to
> Rebecca Bowles in, and is pending the EEOC's Office of Federal
> Operation's decision on a request for reconsideration.

> (2)  EEO complaint under Agency No. 2003-0580-2020100438 relates to
> additional changes to Plaintiff's tour of duty on October 9, 2019 and saw
> final adjudication through a denied request for reconsideration submitted to
> the EEOC's Office of Federal Operations.

> (3)  On May 11, 2022, Plaintiff attempted to amend current EEO complaint
> under Agency No. 2003-0580-2021104150, in part, to include a claim for
> denial of Workers' Compensation Benefits that from June 8, 2021 - June 15,
> 2021, Charles Mitchell and Ray Glover (Business Manager) refused
> complainant approval for workers' compensation.  The Agency argued for
> denial of the motion on the grounds that Plaintiff failed to initiate a complaint
> as to the alleged event within 45 days under 29 CFR § 1614.105(a)(1).  On
> October 14, 2022, the amendment was denied.

ECF 18-1 at ¶¶ 1-3.  Paragraph (2) above identifies the 0438 Claim, the same administrative

claim at issue in the filing appended to Plaintiff's Complaint.  *Compare id.* at ¶ 2 *with* ECF 1 at 7.  Defendant does not move to dismiss the 0438 Claim; Defendant moves only to dismiss the other claims described in Collins' Declaration.  *Id.* at 1.

## II.    Standards of Law

### A. Motion to Dismiss under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

The plaintiff bears the burden of establishing subject matter jurisdiction.  *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014).  If the plaintiff fails to meet her burden, the case must be dismissed.  *Id.*  When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case."  *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005).  The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).

### B.  Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

## III.    Analysis

### A. Defendant's Motion to Dismiss under Rule 12(b)(1) should be denied.

Defendant's Partial Motion to Dismiss seeks dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies. However, the exhaustion requirement for Title VII claims is not jurisdictional.  *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850-51 (2019) ("Title VII's charge-filing requirement is

not of jurisdictional cast."). The same is true for claims under the Americans with Disabilities Act. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam) (noting that the ADA incorporates by reference Title VII's administrative procedures). This Court may exercise subject matter jurisdiction over Plaintiff's discrimination-related claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). *Davis*, 139 S. Ct. at 1850. Accordingly, to the extent that Defendant's Motion seeks to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the Motion should be DENIED.

### B. Based on the record properly before the Court, Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) should be denied.

Under Title VII, a Plaintiff's claims must be brought with the EEOC before courts may consider them. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016). Whether a plaintiff has exhausted a Title VII claim is determined "not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970)). Therefore, "a Title VII lawsuit may include allegations like or related to" the allegations in the plaintiff's EEOC charge and "growing out of such allegations during the pendency of the case before the [EEOC]." *Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (quoting *McClain v. Lufkin, Indus., Inc.*, 519 F.3d 264, 272-73 (5th Cir. 2008)).

In ruling on a 12(b)(6) motion, the court may consider only the allegations in the

6

complaint and any attachments thereto.   FED. R. CIV. P. 12(d).   Thus, the Court may

properly consider only (1) Plaintiff's Complaint (ECF 1 at 1-5) and (2) the Decision on

Request for Reconsideration on Claim 0438 which was attached to Plaintiff's Complaint

(ECF 1 at 7-9).   The Court may not consider Collins' declaration in connection with this

12(b)(6) Motion or any other administrative material.   The Complaint indicates that

"Plaintiff timely filed a charge of discrimination against defendant within 90 days of the

receipt of her Notice of right to sue."  *Id.* at 1.  The Decision on Request for Reconsideration

attached to Plaintiff's Complaint indicates that Plaintiff filed an administrative complaint

pertaining to "discrimination based on disability and in reprisal for prior protected

activity," and claims that "the Agency changed her work schedule, denied her request for

a reasonable accommodation, and charged her with 8 hours Absent Without Leave."  ECF

1 at 7-8.  The Court cannot conclude, based on this record, that the claims "involving issues

with [Plaintiff's] coworker Rebecca Bowles" or other issues were outside of the scope of

the EEOC investigation related to that claim, and accordingly that Plaintiff failed to exhaust

such claims.  Accordingly, the Court RECOMMENDS that Defendant's Partial Motion to

Dismiss for failure to state a claim be DENIED without prejudice to re-urging the issue of

exhaustion on a motion for summary judgment.

## IV.    Conclusion and Recommendation

Accordingly, the Court RECOMMENDS that Defendant's Partial Motion to

Dismiss for lack of subject matter jurisdiction be DENIED; and that Defendant's Partial

Motion to Dismiss for failure to state a claim under Rule 12(b)(6) (ECF 18) be DENIED

without prejudice to filing a subsequent motion for summary judgment.   It is also

RECOMMENDED that Plaintiff's Motion for Extension of Time to Respond to Defendant's Partial Motion to Dismiss (ECF 27) and Defendant's Motion to Strike Untimely Responses (ECF 29) be TERMINATED AS MOOT.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 14, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge